IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

RANDY BEA ANDERSON )
)
v. ) NO. 1:14-0021
)
SOUTH CENTRAL CORRECTIONAL )
FACILITY, et al. )

TO: Honorable William J. Haynes, Senior District Judge

## **R E P O R T   A N D   R E C O M E N D A T I O N**

By Order entered November 5, 2014 (Docket Entry No. 28), this action was referred to the Magistrate Judge under 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure. Presently pending is Defendants' motion for summary judgment (Docket Entry No. 38), to which Plaintiff has not filed a response in opposition. For the reasons set forth below, the Court recommends that the motion be granted and this action be dismissed.

## **I. BACKGROUND**

Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") who is currently confined at the Lois DeBerry Special Needs Facility ("SNF") in Nashville, Tennessee. He filed this action *pro se* and *in forma pauperis* on January 22, 2014, based on events that occurred during his previous confinement at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee.[1]

---

[1] Plaintiff was housed at the SCCF at the time he filed the Complaint but was subsequently transferred to the West Tennessee State Penitentiary ("WTSP") during the fall of 2014, as indicated by a change of address notice filed in another case he filed in this District. *See* Docket Entry No. 39 in *Anderson v. Wagonshults, et al.*, 1:13-0088. On August 25, 2015, he filed a change of address notice in the instant action stating that he was housed at the SNF. *See* Docket Entry No. 46.

By Order entered January 28, 2014 (Docket Entry No. 4), the Court found Plaintiff had alleged arguable constitutional claims and ordered that process issue to the SCCF, Corrections Corporation of America, Inc. ("CCA"), Assistant Warden Daniel Pritchard ("Pritchard"), Jessica McElroy ("McElroy"), and Warden Arvil "Butch" Chapman ("Chapman").

Plaintiff brings his lawsuit under 42 U.S.C. § 1983 and also refers to the Americans with Disabilities Act. *See* Complaint (Docket Entry No. 1) at 6. Plaintiff alleges that he is "being discriminated against and [his] civil rights are being violated" because his prison grievances "are not being processed like other inmates" at the SCCF and the Defendant prison officials have not responded to his grievances. *Id*. at 5. Plaintiff further alleges that he is a disabled individual who uses a walking cane and that the SCCF is not handicapped accessible. *Id* at 5-6. Specifically, that the showers at the SCCF are not equipped for handicapped individuals and that he is forced to sit on the floor in the shower. He further alleges that there are no cells in particular units at the SCCF that are handicapped accessible. *Id*. He also makes a vague allegation that he is having "so many problems" at the SCCF because unnamed prison officials are "very aware" that he has filed a federal lawsuit against SCCF. *Id*. at 7. Plaintiff does not make a request for any type of specific relief, but he does appear to request a transfer from the SCCF to another facility. *Id*. at 7.

Defendants filed a joint answer (Docket Entry No. 22), and deadlines were entered for pretrial activity in the action. *See* Orders entered October 28, 2014 (Docket Entry No. 25), March 17, 2015 (Docket Entry No. 34), and May 20, 2015 (Docket Entry No. 37). Plaintiff demands a jury trial.

In their motion for summary judgment, Defendants raise several arguments: 1) Plaintiff failed to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.

2

§ 1997e(a), before filing his lawsuit; 2) Plaintiff does not set forth facts supporting a claim against Defendants CCA and SCCF under 42 U.S.C. § 1983; 3) Defendants Chapman and Pritchard cannot be sued under a theory of *respondeat superior* merely because of their supervisory duties at SCCF; 4) Plaintiff does not set forth facts supporting a claim that his constitutional rights were violated in any manner; and 5) there is no legal basis for a claim against any of the Defendants under the Americans with Disabilities Act. *See* Memorandum in Support of Motion for Summary Judgment (Docket Entry No. 39). Defendants support their motion with the declarations of Avril Chapman (Docket Entry No. 41), Daniel Pritchard (Docket Entry No. 42), and Jessica McElroy (Docket Entry No. 43).

By Order entered July 2, 2015 (Docket Entry No. 44), the Court notified Plaintiff of the motion for summary judgment and gave him a deadline of August 10, 2015, to respond. Plaintiff has not responded to the motion, but on August 25, 2015, he filed a change of address notice that included an assertion that he had been transferred to another correctional facility and that his legal materials had been lost or destroyed by prison officials. *See* Docket Entry No. 46.[2]

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil

---

[2] Plaintiff's change of address notice does not indicate when he was transferred. However, the Court takes judicial notice that in *Anderson v. Wagonshults, et al.*, Plaintiff filed a response to a summary judgment motion on August 12, 2015, while at the WTSP. *See* Docket Entry Nos. 87-91 in *Anderson v. Waggonshults, et al*. Thus, Plaintiff remained at the WTSP and was able to actively litigate in that case until at least August 12, 2015.

Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unlike ruling on a motion to dismiss, in considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims

4

asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## III. CONCLUSIONS

Summary judgment should be granted to Defendants in this action. As an initial matter, Plaintiff has not shown that he properly exhausted the available administrative remedies for his claims. The PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. *Porter v. Nussle*, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998). Once the defense of failure to exhaust is raised, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. *See Napier v. Laurel Cnty., Ky.*, 636 F.3d 218 (6th Cir. 2011). To establish exhaustion of administrative remedies, Plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process.

*Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *abrogated on other grounds*, *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). It is further well-settled that there is no futility exception to the exhaustion requirement. *Booth*, 532 U.S. at 741 n.6; *Napier*, 636 F.3d at 222.

Defendants have set forth evidence that a grievance system is available to inmates at the SCCF, *see* Declaration of McElroy (Docket Entry No. 43) at ¶ 4, and that Plaintiff did not file a proper grievance about the facts alleged in the Complaint. *Id.* at ¶ 10. Plaintiff has not set forth any evidence disputing Defendants' proof on this issue and showing that he took steps to exhaust his administrative remedies pertaining to the claims brought in this lawsuit.[3] It is Plaintiff's burden to rebut Defendants' defense that he failed to exhaust administrative remedies, *see Napier*, *supra*, and he fails to satisfy this burden. Dismissal of Plaintiff's claims is warranted for this reason alone.

Plaintiff's lawsuit also suffers from other significant defects that cannot be overlooked. The SCCF should be dismissed from the action as a named defendant because, quite literally, it is a building and not an entity subject to being sued. *See Bryant v. Jackson*, 2015 WL 344768, at *5 (M.D. Tenn. Jan. 16, 2015) (Haynes, J.); *Yates v. Maury Cnty. Jail*, 2006 WL 3761938, at *2 (M.D. Tenn. Dec. 21, 2006) (Campbell, J.). Further, there is no relief specifically requested in the Complaint, and the only request for relief that can liberally be read into the Complaint is a request by Plaintiff to be transferred from the SCCF to another correctional facility. *See* Complaint at 7. However, this request has become moot because Plaintiff is no longer incarcerated at the SCCF

---

[3] Although Plaintiff states in his Complaint that he "filed a grievance about the problems I have had in the past" and that "I am sending copys (sic) of grivences (sic) I have filed," *see* Complaint at 3, Plaintiff has not provided copies of any grievances and has not shown that any of the grievances he allegedly filed were based upon the facts of the claims in this lawsuit.

having been transferred to a different TDOC facility. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). When an intervening circumstance deprives a plaintiff of a personal stake in the outcome of the lawsuit, the action can no longer proceed and must be dismissed as moot. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528, 185 L. Ed. 2d 636 (2013).

Additionally, although the Supreme Court has recognized that Title II of the ADA applies to prisoners housed in state prisons, *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998), Plaintiff's purported ADA claims did not arise while he was held in a state prison, but when he was held at the SCCF, which is operated by CCA, a private prison management company. CCA, as a private prison, is not subject to Title II of the ADA. *Logan v. Corr. Corp. of Am.*, 2012 WL 2160276, at *6 (M.D. Tenn. June 12, 2012) (Haynes, J.). With respect to the individuals who are named as defendants, any ADA claims against them are also subject to dismissal because ADA claims against them in their official capacities are essentially claims against CCA, *id*. at *7, and because the ADA does not provide for personal liability against defendants in their individual capacities. *Id*. *See Williams v. McLemore*, 247 Fed.App'x 1, 8 (6th Cir. 2007).[4]

Finally, the Plaintiff has not set forth any actual evidence in support of his constitutional claims that is sufficient to raise genuine issues of material fact that require that his claims proceed

---

[4] Defendants also argue for dismissal of any claims brought under Section 504 of the Vocational Rehabilitation Act, 29 U.S.C. § 794(a). *See* Docket Entry No. 39 at 18-19. However, Plaintiff does not refer to the Vocational Rehabilitation Act in his Complaint, and the Court does not construe his Complaint as alleging such a claim. Although the Court is required to liberally construe Plaintiff's Complaint, the Court is not required to create Plaintiff's claims for him, because to do so would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *See Bell v. Tennessee*, 2012 WL 996560, at *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000).

7

to trial. Although Plaintiff's allegations were sufficient to permit the case to survive frivolity review under 28 U.S.C. § 1915(d) and 28 U.S.C. § 1915A, when his claims are challenged upon a motion for summary judgment, he must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). His *pro se* status does not relieve him of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). Plaintiff fails to satisfy this requirement.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 38) of Defendants Daniel Pritchard, Jessica McElroy, Arvil Chapman, the South Central Correctional Facility, and Corrections Corporation of America be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*,

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      Respectfully submitted,

      _____
      BARBARA D. HOLMES
      United States Magistrate Judge